**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-6914**

_____

LEON PARRISH MARSHALL,

Petitioner - Appellant,

v.

HAROLD W. CLARKE, Director, Department of Corrections,

Respondent - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, Chief District Judge.  (2:17-cv-00151-RBS-RJK)

_____

Submitted:  November 21, 2017                          Decided:  November 27, 2017

_____

Before WYNN and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Leon Parrish Marshall, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leon Parrish Marshall appeals the district court's order construing his Fed. R. Civ. P. 60(b) motion as an unauthorized successive 28 U.S.C. § 2254 (2012) petition, and denying it on that basis. We have reviewed the record and conclude that the district court correctly determined that Marshall's motion was not a "true 60(b) motion" but was, in substance, a successive § 2254 motion. *See United States v. McRae*, 793 F.3d 392, 397-400 (4th Cir. 2015). We note that Marshall is not required to obtain a certificate of appealability to appeal the district court's order, *see McRae*, 793 F.3d at 400, and we conclude that the district court correctly determined that, in the absence of prefiling authorization, it lacked jurisdiction to consider the successive § 2254 motion, *see* 28 U.S.C. § 2244(b)(3) (2012). Accordingly, although we grant leave to proceed in forma pauperis, we affirm the district court's judgment.

Consistent with our decision in *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003), we construe Marshall's notice of appeal and informal brief as an application to file a second or successive § 2254 petition. In order to obtain authorization to file a successive § 2254 petition, a prisoner must assert claims based on either: (1) a new, previously unavailable rule of constitutional law made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. § 2244(b)(2). Marshall's claims fail to satisfy either of these criteria. We therefore deny authorization to file a successive § 2254 petition.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*